IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| MARY CARTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 1:10-cv-100 |
| vs. ) | |
| ) | |
| THE ALLEN LAW FIRM, P.L.L.C. ) | |
| and PORTFOLIO RECOVERY ) | |
| ASSOCIATES LLC, ) | **JURY DEMAND ENDORSED HEREON** |
| ) | |
| Defendants. ) | |

## COMPLAINT

NOW COMES the Plaintiff, MARY CARTER, by and through her attorney, M. LYNETTE HARTSELL, and for her Complaint against the Defendants, THE ALLEN LAW FIRM, P.L.L.C. and PORTFOLIO RECOVERY ASSOCIATES, LLC, Plaintiff alleges and states as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq*., and the North Carolina Debt Collection Act (NCDCA), N.C. Gen. Stat. § 58-70, *et seq*.

### JURISDICTION AND VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq*. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

## PARTIES

3. Plaintiff is an individual who was at all relevant times residing in Morganton, North Carolina.

4. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3) and N.C. Gen. Stat. § 58-70-90(2), as she is a natural person allegedly obligated to pay a debt.

5. At all relevant times, Defendants acted as "debt collectors" within the meaning of 15 U.S.C. § 1692a(6) and N.C. Gen. Stat. § 58-70-15, in that they held themselves out to be companies collecting a consumer debt allegedly owed by Plaintiff.

6. On information and belief, Defendant, THE ALLEN LAW FIRM, P.L.L.C. ("Allen") is a professional limited liability company of the State of North Carolina which has its principal place of business in Matthews, North Carolina.

7. On information and belief, Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC ("Portfolio Recovery"), is a limited liability company of the State of Virginia, which is licensed to do business in North Carolina and which has its principal place of business in Norfolk, Virginia.

## COUNT I

(Violation of the Fair Debt Collection Practices Act)

8. On or about August 28, 2009, Defendant Allen, acting as the attorneys and authorized agents of Portfolio Recovery, mailed a letter to Plaintiff in an attempt to collect an alleged debt.

9. On or about September 2, 2009, Plaintiff mailed a letter to Defendant Allen, disputing the alleged debt and requesting validation of the alleged debt pursuant to 15 U.S.C. § 1692g.

10. Defendant Allen never responded to Plaintiff's letter, but instead, on or about September 24, 2009, filed a Complaint against Plaintiff in the Burke County General Court of Justice in an attempt to collect the aforementioned alleged debt.

11. On or about September 24, 2009, Plaintiff placed a telephone call to Defendant Allen and spoke with Defendant Allen's representative, Katie (last name unknown.)

12. Katie told Plaintiff that no further action would be taken until the debt was validated and verified.

13. However, on or about December 3, 2009, Defendant Allen obtained a default judgment against Plaintiff based upon the alleged debt, despite the fact that no validation or verification of the debt was ever provided to Plaintiff.

14. All of the actions of Allen as described above were undertaken as the attorneys and authorized agents of Portfolio Recovery.

15. In its attempts to collect the aforementioned alleged debt, Defendants violated the FDCPA in one or more of the following ways:

    a. Using a false, deceptive or misleading representation or means in connection with the collection of the alleged debt or to obtain information about Plaintiff, in violation of 15 U.S.C. § 1692e(10);

    b. Using an unfair or unconscionable means to attempt to collect a debt, in violation of 15 U.S.C. § 1692f;

    c. Failing to cease collection activities prior to providing verification of the alleged debt, where Plaintiff notified Defendant in writing within the applicable period that the debt was disputed, in violation of 15 U.S.C. § 1692g(b); and

d. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

16. As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, MARY CARTER, respectfully prays for a judgment against Defendants as follows:

a. Statutory damages of $1,000.00 from each Defendant for each violation of the FDCPA;

b. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

c. Any other relief deemed appropriate by this Honorable Court.

## **COUNT II**

(Violation of the North Carolina Debt Collection Act)

17. Plaintiff hereby adopts, re-alleges and incorporates by reference all allegations set forth above as though fully rewritten here.

18. In its attempts to collect the aforementioned alleged debt, Defendant violated the NCDCA in one or more of the following ways:

a. Attempting to collect a debt or obtain information concerning Plaintiff by a fraudulent, deceptive or misleading representation, in violation of N.C. Gen. Stat. § 58-70-110; and

b. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the NCDCA.

19. As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, MARY CARTER respectfully prays for a judgment against Defendants as follows:

    a. Statutory damages of $4,000.00 from each Defendant for each violation of the NCDCA;

    b. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

    c. Any other relief deemed appropriate by this Honorable Court.

## **JURY DEMAND**

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

Respectfully Submitted,

/s/ M. Lynette Hartsell
M. Lynette Hartsell (9845)
Attorney for Plaintiff
1010 Lakeview Drive
Cedar Grove, NC 27231
(888) 595-9111, ext. 713 (phone)
(866) 382-0092 (facsimile)
lhartsell@attorneysforconsumers.com